## BURNETT et al. v. SUMMEROUR et al.
### (No. 9476.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 19, 1921. Rehearing Withdrawn March 5, 1921.)

1. **Mines and minerals** ⟺78(7)—**Findings held to sustain a conclusion that lessees unjustifiably abandoned a well before completion.**

Findings showing cessation of work for more than 18 months, removal of tools and appliances from the premises, and the allowing of a derrick to get into disuse *held* to sustain a conclusion that lessees unjustifiably abandoned a well before its completion, as required of them under an oil lease.

2. **Mines and minerals** ⟺78(2)—**Provision of oil lease held one for forfeiture.**

An oil provision lease requiring the completion of a well within a given time, and providing that upon failure to so do the lease shall be null and void, is one of forfeiture on a condition subsequent, so that it is immaterial whether the lease was a mere option to go on the land and exploit for oil and gas or a conveyance of the oil and gas under the land.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Appeal and error ⬅️1039(6)—Failure to sustain plea of limitation to fraud not reviewable, where judgment was not based on fraud.**

An assignment of error, complaining of the failure to sustain defendant's plea of limitation to plaintiff's claim of fraud in securing the oil lease sought to be canceled, must be overruled, where the judge did not base his judgment upon the fraud.

**4. Appeal and error ⬅️694(1)—Findings not reviewed in absence of statement of facts.**

Assignments, complaining that findings are not sustained by evidence, must be overruled, in the absence of a statement of facts.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

Suit by W. D. Summerour and others against J. H. Burnett and others. Judgment for plaintiffs, and the defendants J. H. Burnett and North Texas Consolidated Oil & Gas Company appeal. Judgment affirmed.

Donald & Donald, of Bowie, and T. A. Templeton, of Fort Worth, for appellants.

Benson & Benson, of Bowie, for appellees.

BUCK, J. Suit was instituted April 25, 1919, in the district court of Montague county by W. D. Summerour, P. K. Winningar, and S. H. Hipp against J. H. Burnett, the North Texas Consolidated Oil & Gas Company, hereinafter called the oil and gas company, William S. Johnson, John M. Spellman, F. C. McKay, and Hugh H. Tucker for a cancellation of a certain lease contract entered into between plaintiffs and Burnett on May 14, 1917. The cause was submitted to the court, without the intervention of a jury, and a judgment was rendered, canceling the lease contract on the ground of abandonment. The North Texas Consolidated Oil & Gas Company and J. H. Burnett have appealed.

The lease contract, as shown by the findings of fact by the court, contained the following provision:

"Failure to commence and diligently prosecute the drilling of a well within the leased field, within six months from June 1, 1917, shall make this lease null and void. Failure to commence and diligently prosecute to completion the drilling of a well on land conveyed by this lease within two years from date, shall make this lease absolutely null and void, unless second party shall pay to the first party, in advance, the sum of twenty-five cents per acre each twelve (12) months such work is delayed."

That is, the lease provided for a forfeiture absolutely upon the failure to begin within six months a well on some one of the leased tracts, and to diligently prosecute the drilling of the well after it had been begun. The subsequent provision that rentals might be paid to avoid forfeiture had reference to the obligated duty of the lessee to drill on each of the leased tracts within two years. But as to the first or test well the obligation to begin the well within six months and to prosecute the drilling diligently was not subject to postponement.

[1] The court found that the original lessee, J. H. Burnett, did not make any effort to drill the test well himself, but that the Sunset Oil & Gas Company did begin within the six months to drill a well on Mr. Crim's place, within the leased field, and continued working thereon, "with intervals of cessation," until June 1, 1918, when they reached some 600 feet; that thereafter, until the trial, January 13, 1920, no further drilling on this well was done, and that the machinery and tools had been removed, the derrick blown down, and that not sufficient machinery, tools, and appliances had been left on the premises to complete the well. The court further found that the drillers in the course of the sinking of the test well to the depth of 600 feet had encountered two strata of oil sand, with good showing of oil and gas, but in spite of the efforts of the lessors to get the lessees or their assigns to develop the well further, nothing was done. The court further found that the principal consideration for the execution of the lease, on the part of the lessors, was the drilling of this test well, and that said well was not a completed well, and had been abandoned by the lessees, and that the parties holding and claiming the leases had done nothing since June 1, 1918, to place the well in shape for getting oil from it. There is no statement of facts in the record, and we are not prepared to say that the findings of fact by the trial court and his conclusions from the facts so found that defendants had abandoned the well before its completion, and at a time and under circumstances when such abandonment was not justified, are not correct. The cessation of work for more than 18 months, and the removal of the tools and appliances from the premises, and allowing the derrick to get into disuse, we believe sustained such finding. We think the obligation on the part of lessees to diligently prosecute the drilling of the well required him, or his agents or assigns, to diligently prosecute the drilling to a depth where oil or gas was to be found in paying quantities, or to a depth sufficient to sustain the conclusion that no oil or gas in paying quantities was to be found. The finding of the trial judge is to the effect that this was not done. It has been held that, where the lease contract binds the lessee to prosecute with due diligence the drilling of a well, the cessure of operations for three months after work begun is an abandonment. Kennedy v. Crawford, 138 Pa. 561, 21 Atl. 19, and other cases cited on page 259, in Thornton's The Laws of Oil and Gas, footnote 74.

[2] While the courts hold that no provision of forfeiture is required in order to sustain an abandonment, in the instant case the pro-

vision quoted is one of forfeiture, upon a condition subsequent. Hence it would make no difference whether the lease was a mere option to go upon the land and exploit for oil and gas, or a conveyance of the oil and gas under the land.

[3] We overrule the second assignment complaining of the failure to sustain defendant's plea of limitation, to plaintiff's claim of fraud in the securing of the lease, since the trial judge did not base his judgment upon fraud.

[4] Other assignments complaining that the findings of the court are not sustained by the evidence, there being no statement of facts for us to examine in order to determine the sufficiency of the evidence, we overrule.

All assignments are overruled, and the judgment is affirmed.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes